IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DEVARON LAMAR BOWERS
ADC #129637                                      PLAINTIFF


v.                     Case No. 3:10-cv-136-DPM


DAVID N. LASER, LARRY NORRIS,
Director of Arkansas Department
of Correction, ARKANSAS GENERAL ASSEMBLY,
BERNARD BUTLER, LINDSEY FAIRLEY,
and TOM MONTGOMERY                               DEFENDANTS


ORDER

Devaron Bowers is a prisoner in the Arkansas Department of
Correction.  Bowers has filed a *pro se* section 1983 complaint alleging that
Arkansas Circuit Judge David Laser, former Arkansas Department of
Correction Director Larry Norris, the Arkansas General Assembly, Prosecutor
Lindsey Fairley, attorney Butler Bernard (misnamed as "Bernard Butler"), and
attorney Tom Montgomery violated his constitutional rights by wrongfully
convicting him of a criminal offense in October 2003.  Bowers seeks seven

million dollars in damages for the seven years he has been wrongfully imprisoned and "freedom from [his] physical, mental, social incarceration of ADC." *Document No. 2, at 7.*

The Supreme Court has explained that challenges "to the validity of any confinement or to particulars affecting its duration" must be brought in a section 2254 federal habeas petition. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*). More specifically, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004); Federal Rules Governing Section 2254 Cases.

In contrast, challenges to "circumstances" or conditions of confinement may be brought in a section 1983 action. *Muhammad*, 540 U.S. at 750. Bowers's complaint is not directed at the conditions or circumstances of his confinement as those terms relate to section 1983 cases; instead, Bowers alleges that he was "wrongfully convicted" in the first place and that his continued imprisonment "against [his] will" is unlawful. *Document No. 2, at*

2

6. Therefore he has not alleged a section 1983 claim that may go forward.

Some cases are "hybrids," meaning a prisoner seeks relief — like money — that is unavailable under federal habeas law based on "allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement." *Muhammad*, 540 U.S. at 750–51. Bowers's complaint is arguably a hybrid because he wants money to make him whole for the alleged unlawful conviction and continued confinement. But Bowers may not proceed with a section 1983 claim, even in a hybrid case, unless he first has the state-court conviction "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make [that] determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487, 489 (1994).

The Court concludes, after a 28 U.S.C. § 1915A screening, that Bowers has failed to state a claim under 42 U.S.C. § 1983. *See Heck*, 512 U.S. at 489–90. Bowers has not shown that he followed the "specific federal habeas statute, with its attendant procedural and exhaustion requirements" before filing the

civil rights claim, or that he has otherwise already pursued available state-court opportunities to challenge the state conviction. *Nelson*, 541 U.S. at 643; *Muhammad*, 540 U.S. at 750–51.  This case is therefore dismissed without prejudice.  This dismissal is a "strike" under 28 U.S.C. § 1915(g), and an *in forma pauperis* appeal from this order and the related judgment would not be taken in good faith.  28 U.S.C. § 1915(a)(3).

So Ordered.

D.P. Marshall Jr.
United States District Judge

4 August 2010

4